LOTTINGER, Judge.
Following his suspension on April 15, 1970, the petitioner herein, Vincent R. Smith, was informed by letter from the New Orleans Dock Board dated April 29, 1970, of his immediate dismissal as harbor police patrolman because of his alleged acceptance of three bribes for not reporting smoking violations of the no smoking ordinance of said Board. The letter explicitly described the alleged violations, it also provided the names of the three workers from whom Smith had allegedly accepted money and it detailed the circumstances of each of the alleged offenses.
Appellant filed a timely notice of appeal wherein he complained that he had “been demoted, dismissed, discriminated against, and subjected to disciplinary action contrary to the provisions of amendment and of the rules of this commission”. He further complained that by his dismissal by *280 the Board, he “has been deprived of his rights, discriminated against, and adversely affected by violations of the provisions of the amendment and rules of this commission”.
The notice of appeal in no way denied the truthfulness of the Dock Board’s allegations and provided no further description of the nature of the discrimination or deprivation of which he complained. He subsequently filed an amended notice of appeal which related only to the relief sought and in no way referred to the cause of his dismissal.
When the matter was called for hearing before the Commission, petitioner moved for a continuance on the ground that a subpoena duces tecum had not been issued as he had requested. The Commission denied the motion, ruling that the request had failed to comply with the requirement of rule 13:21 (d) as it had not specified the name and address of the person to whom the subpoena was to be directed.
The Dock Board then moved to dismiss the appeal on the ground that it did not satisfy rule 13.11(d) which requires that a “notice of appeal must * * * contain a clear and concise statement of the action complained against and the basis of the appeal”. The Commission granted the motion and ruled that an amendment could not be permitted as the time for taking an appeal had expired.
Petitioner moved for rehearing which was denied. An appeal was taken to this Court by petitioner who claims that the Commission erred in the following respects :
“The state’s Civil Service Commission has no authority for dismissing an appeal without a hearing on the facts and rules adopted by it to the contrary are unconstitutional; and the Commission erred in denying a hearing to Vincent R. Smith on the facts and refusing appellant, Vincent R. Smith, the right to present evidence in support of his timely filed notice of appeal.”
Rule 13.11(d) of the Commission provides that the notice of appeal must; “contain a clear and concise statement of the action complained against and the basis of the appeal”. Nowhere in the notice of appeal has the petitioner given a clear and concise statement of the action of which he complains and the basis of his appeal. Rule 13.14(a) authorizes summary dismissal at the instance of the appointing authority when the “appeal has not been made in the required manner or within the prescribed period of delay”.
Rule 13.10 provides that an appeal may be made to the Commission by:
“(b) any person in the classified service who, having acquired permanent tenure, alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action, contrary to any provision of the amendment of the rules of this Commission.
(c) Any person in the classified service who alleges that he has been deprived of any right, discriminated against, or adversely affected by the violation of any provision of the amendment or any rule of this Commission.”
While paragraphs 4 and 5 of the notice of appeal tracks almost exactly sections (b) and (c) they allege no facts or make any specific allegations whatsoever from which the nature of the complaint can be discerned. This being so, it cannot be said that there has been a “clear and concise statement of the action complained against and the basis of appeal” as required by rule 13.11(d), and as all rules of the Commission must logically be construed in pari materia, it is obvious that the provision of rule 13.10 to the effect that “an appeal may be made * * * by any person * * * who alleges that he has been demoted, dismissed, discriminated against”, etc., cannot be construed to provide a right to a hearing to one who merely tracks the language of the statute.
*281 As the Commission stated in its opinion:
“The appeal was timely but neither admitted or denied the charges made against the appellant and contained only general conclusions that the discharge was ‘contrary to the provisions of the Amendment and of the Rules of this Commission’ and that the appellant has been ‘deprived of his rights, discriminated (sic) against, and adversely affected by violations of the provisions of the Amendments and Rules of this Commission * * What law or rules were violated and how the appointing authority violated them is not explained. Nor does the appeal state what rights appellant had been deprived of or how he had been discriminated against or how he was adversely affected by the alleged violations of the provisions of the Civil Service Amendment and Rules of this Commission.”
We feel that the Commission’s ruling was properly applied as the notice of appeal failed to complain of any motive, misconduct, or other action on the part of the Commission concerning which a hearing might have been held.
It is next contended by petitioner that the rules of the Civil Service Commission are unconstitutional, alleging that the Constitutional, Article 14, Sec. 15(0) (2) provides in part that:
“* * * persons in the State or City Classified service who allege that they have been deprived of their rights or discriminated against under the provisions of this Section * *. * shall be granted the right of appeal before the appropriate Commission.”
He claims that is exactly what he alleged in his notice of appeal and that the Commission, in attempting to pursue the letter of its own rules, has ignored the letter of the Constitution and the obvious purpose of the constitutional safeguards granted the Civil Service employee.
Article XIV, Sec. 15(1) of the Louisiana Constitution affords the Civil Service Commission the authority and power to adopt rules having the “effect of law, regulating employment, transfers, promotion, removal * * * and other personnel matters”. Explicitly included within these powers is the right to make rules “fixing the procedure, the time in which appeals must be taken, and all other matters pertaining to appeals”.
This being so, a rule requiring that a notice of appeal contain a “clear and concise statement of the action complained against and the basis of appeal” certainly seems a reasonable exercise of its constitutional rulemaking power for which there is no basis for having a hearing unless an improper action or motive can be assigned. Furthermore, the appointing authority is certainly entitled to notice of its alleged wrongdoing in order that it can secure its witnesses or otherwise prepare for the proceeding.
Similarly, the 30 day limitation seemed a reasonable exercise of the Commission’s constitutional power to fix “the time within which appeals must be taken”.
We fail to see how the reasonable rule made by the Commission under the authority to so do under the constitution of this state can be held unconstitutional. In Johnson v. State Parks and Recreation Commission, La.App., 198 So.2d 180, this Court affirmed the application of these rules in another instance where a defective notice of appeal had been filed within the 30 day period. The Court there rejected the contention that a notice filed subsequent to the expiration of the specified period should be regarded as an amendment retroactive to a timely but effective appeal.
As to appellant’s contention that the procedural rule concerned is harsh in light of the fact that it does not permit amendment of the defective notice, the language of the Supreme Court in Young v. Charity Hospital, 226 La. 708, 77 So.2d 13, states *282 explicitly that such objection does not effect the constitutional validity of the rule. There the Court said:
“Under the Civil Service Act we cannot declare a procedural rule, having the effect of law, void, because it conflicts with our opinion of policy, expedience or justice. If the rule is passed within the general scope of a Legislature or the Commissioners conferred powers, the Court cannot pronounce it void because not supplemented with additional safeguards as in a court of law, or direct action merely because in our judgment it is contrary to the principles of natural justice.”
For the above and foregoing reasons, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.