ELLIS, Judge.
Appellant, Joseph S. Newbrough, Jr., was dismissed from his employment with the Department of Highways by letter dat *462 ed November 2, 1970, which reads in part as follows:
“This is to advise that your services with this Department will be terminated effective November 6, 1970, at the close of work.
“The reason for this action is your poor health and inability to improve your condition sufficiently to pass the Department's medical examination. After having been granted approximately eight months of leave without pay at your request to improve your health under close supervision in an institution, you advised on August 17, 1970 you were unable to enter the institution and wished to return to work. Upon reporting for work on October 5, 1970 you were unable to meet the requirements of the Department’s medical examination. You were furnished a copy of this examination and you are aware of the deficiencies the doctor found.”
On November 20, 1970, he directed the following letter to the Civil Service Commission :
“In January of 1970, I requested an extended leave of absence without pay not to exceed eight months in order to enter the Veterans Administration Hospital, Los Angelos, California for a weight reduction program. This leave of absence was to commence upon my admittance to said hospital. Shortly prior to February 3 I was informed by my immediate supervisor, Alvin Bridges, that approval for my said leave had been received, but I must commence same on February 3. I was not permitted to see any correspondence and was denied access to my personnel jacket and was told I would not receive any letter as none was due me and I would be retained as an employee of the Highway Department without pay. In August of 1970, I formally requested return to active status of J. C. McGrew, District Engineer. On or about the 10th of September I received a phone call from Alvin Bridges thru the office clerk, Kenneth Duay, instructing me to report for work on October 5. (Please See Postscript)
“At that time I requested that I be allowed to return to work sooner in that my eight months would expire on October 3. I would told that the 3rd would fall on an Saturday and I should return on the following working day which was the 5th. On Monday, the 5th of October, I reported for work at 7 a. m. and was told to wait awhile until my status was checked. At approximately 9:30 a. m. I was drived to a Dr. Ribando’s office where I under went some similarity of a physical examination and then I was told to wait outside. Mr. Bridges had accompanied me into the examining area and he remained for other few minutes. Then, he came out and we drove back to my car which was parked at his office. I was then told that I had failed the physical examination but was refused a copy of same and was refused knowledge of what aspect of the physical examination I had failed.
“I have waited for any developments and have made many inquiries by telephone to learn my exact status. I have received only one letter, dated November 2, 1970, informing me of my termination effective November 6, 1970, with vague reference to the medical examination which is in error.
“The above facts being provable, I derive the supposition that in effect, termination was on February 3, 1970, in a manner not prescribed by the laws of Louisiana or its constitution or the rules of the Civil Service Commission, nor of the personnel rules of the Department of Highways.
“It is therefore prayed that:
“1) I be ordered back to duty and that reimbursement be made to me in loss of wages and benefits from my illegal termination of duty, February 3, 1970.
“2) Not relinquishing my rights to No. 1 above, but as an alternative, I request *463 that I be returned to duty immediately and paid from the 15 of August, 1970, when I formally requested a return to service.
“3) Not relinquishing my rights to No. 2 above, but as an alternative, I be returned to immediate active status with full pay and allowances from October 5, 1970, when I was actually told to report for work.
“4) No relinquishing my rights to No. 3, but as an alternative, I request that I be returned to work with full pay and allowances until such hearing by the Civil Service Commission be entertained at its proper time and place.
“5) No relinquishing my rights to No. 4, but as an alternative and if the above are not granted, I request that I may be ordered immediately restored to duty after such hearing as the Civil Service Commission deems necessary.
“Sincerely yours,
“Joseph S. Newbrough, Jr.
“P.S. In August Mr. McGrew requested a statement from my doctor stating my ability to return to work and perform the duties of an Engr. Aide III which I submitted in September from Dr. James Webb of New Orleans written on a prescription blank and which was verbally approved in its form and contents at that time.”
On May 25, 1971, a motion for summary disposition of the appeal was filed by the Department, based on the following grounds:
“1. The letter of appeal does not contain a clear and concise statement of the action complained against and the basis of the appeal as required by Rule 13.11(d) in that paragraph four of the letter of appeal complains of a termination on February 3, 1970 when no such termination occurred on that date.
“2. The letter of appeal does not contain a clear and concise statement of the action complained against and the basis of the appeal as required by Rule 13.11(d) in that nowhere in the letter of appeal does appellant repudiate the veracity of the allegations of the letter of termination of November 2, 1970, nor does he complain of the issuance of that letter. There is no mention in the letter of appeal that the termination of November 6, 1970 was not for cause of that it failed to comply with the Rules of the Civil Service Commission.
“3. Nowhere in the letter of appeal does appellant affirmatively allege that at the time he presented himself for return to work he was physically able to resume his duties with the Department of Highways.
“4. The letter of appeal does not state the date that the appellant received written notice of the action complained against as is required by Rule 13.11(f).”
The Commission granted the motion on the following ground:
“We find the appeal to be deficient in the particulars contended for by the Department of Highways. We find nothing in the letter of appeal which might fairly be said to contest the basis for the dismissal as expressed in the letter of November 2. The dismissal is clearly predicated upon appellant’s inability to pass the Department’s medical examination. The letter of appeal does not deny the averments in the discharge letter that he was unable to pass the medical examination or meet the medical requirements. The only thing in the letter of appeal dealing even remotely with this crucial issue is the oblique reference, in a postscript to the letter, to the fact that a Dr. Webb had prepared '. . .on a prescription blank . . .’ some statement in response to the request of ‘Mr. McGrew’ for evidence of appellant’s ability to return to work. It is not said whether the statement from Dr. Webb *464 satisfied the requirements of the Department, and this reference certainly does not meet and deny the primary charge for the dismissal of this appellant.
“Since the appeal letter does not contest the essential factual basis of the letter of dismissal, the Department of Highways was entitled to the Summary Disposition on the face of the letters of discharge and appeal.
“The appeal is, therefore, dismissed.”
It is from the foregoing order that appellant has appealed to this court.
Rule 13.11 of the Rules of the Civil Service Commission provide as follows:
“13.11 Request for Appeal
“A notice of appeal must
“(a) Be in writing; and
“(b) Be signed by the appellant or on his behalf by an attorney duly licensed to practice law in the Courts of the State of Louisiana; and
“(c) Give the name and mailing address of the appellant, and of his attorney, if any; and
“(d) Contain a clear and concise statement of the action complained against and the basis of the appeal; and
“(e) Give the date on which the action appealed from occurred, or that the appellant learned thereof; and
“(f) State the date that the appellant received written notice of the action complained against, if written notice was given; and
“(g) State the relief the appellant seeks.”
Appellant’s letter is in writing, signed by him, gives his name and address, and sets forth five alternative prayers for relief. It therefore clearly satisfies parts (a), (b), (c) and (g) of Rule 13.11. The statement that he received, the letter of November 2, 1970, informing him of his termination as of November 6, 1970, satisfies part (e), since his firing is the action complained of. He does not state the date on which he received the said letter; but since his appeal letter was timely received, this information is immaterial, in no way related to the substance of his appeal, and can form no basis for a dismissal thereof, even though not in strict compliance with part (f).
It is equally clear from the letter that he is complaining of the action of the Department in firing him, and that the basis of his appeal is that he was physically able to return to work, as evidenced by the certificate to that effect given him by his doctor, and referred to in the postscript to the letter. We find that the foregoing allegations in the letter satisfy the requirements of part (d) of Rule 13.11. We also note that he denies the allegation of the Department’s letter that he was given a copy of the adverse medical report.
We said in Bryant v. Young Memorial Vocational-Technical School, 197 So.2d 158 (La.App. 1 Cir. 1967):
“In the application of its rules regarding an appellant’s compliance with the rule requirement that he must set forth the relief he sought by appeal, we find the whole letter must be considered and a fair import be given to the general tenor thereof.
* * * * * *
“A reviewing authority is not justified in dismissing an appeal unless clearly justified in law. Appeals are favored in law, and unless the ground for the dismissal is entirely free from doubt, the appeal should be sustained.”
We think the application herein meets both the letter and the spirit of Rule 13.11. Although not couched in the most acceptable form of terminology, it certainly satisfies all of the requirements of that rule. We do not find that the appellant is required specifically to deny or refute, in his letter of appeal, all allegations made *465 against him, so long as the basis of the appeal is set forth. Having reached the foregoing conclusions, we need not consider the other specifications of error urged by the appellant.
For the above reasons, the ruling of the Civil Service Commission dismissing the appeal of Joseph S. Newbrough, Jr. is reversed, and the matter is remanded to the Civil Service Commission for hearing of the appeal in accordance with law.
Reversed and remanded.