SANDERS, Justice.
 

 Vincent Smith, having been discharged by the New Orleans Dock Board, lodged an appeal with the State Civil Service Commission. The appeal, however, was dismissed by the Commission on procedural grounds and that action was upheld by the Court of Appeal, 249 So.2d 279. We granted a writ of review, 259 La. 768, 252 So.2d 667. We now reverse.
 

 Prior to the dismissal, the Dock Board had suspended Smith, a Harbor Police Patrolman, pending an investigation of allegations of public bribery. On April 29, 1970, the Board forwarded a letter informing him of dismissal, effective on that date. The letter, from the Board’s personnel director, outlined in detail the allegations of bribery made by three named complainants.
 

 On May 19, 1970, Smith filed a notice of appeal with the Civil Service Commission. On the day set for hearing, the Commission itself noted that Smith had
 
 *99
 
 failed to comply with its Rule 13.11(d) requiring that a notice of appeal must “contain a clear and concise statement of the action complained against and the basis of the appeal.” Thereupon, the Dock Board moved for a dismissal of the appeal. The Commission granted the motion.
 

 The Court of Appeal affirmed the dismissal, relying on the Commission’s interpretation of Rule 13.11(d) and this Court’s language in Young v. Charity Hospital, 226 La. 708, 77 So.2d 13 (1954). There, we stated:
 

 “Under the Civil Service Act we cannot declare a procedural rule, having the effect of law, void, because it conflicts with our opinion of policy, expedience or justice. If the rule is passed within the general scope of a Legislature or the Commissioners conferred powers, the Court cannot pronounce it void because not supplemented with additional safeguards as in a court of law, or direct action merely because in our judgment it is contrary to the principles of natural justice.”
 

 We agree that Rule 13.11(d) lies within the rule-making power of the Commission. We hold, however, that the present appeal was improperly dismissed.
 

 In Emmons v. Agricultural Ins. Co., 245 La. 411, 158 So.2d 594 (1963), we held:
 

 “Appeals are favored and aided by the courts.
 

 . “The law is too well settled to require the citation of authority that appeals are favored in the law, must be maintained wherever possible and will not be dismissed for technicalities.”
 

 Although the appeal in that case was to an appellate court, the principle is equally applicable to an appeal to the State Civil Service Commission. Appellate review is a safeguard of justice and should be denied only for the most compelling reasons.
 

 The notice of appeal reads in part as follows:
 

 “Appellant was suspended by the Harbor Police Department, Board of Commissioners of the Port of New Orleans, on or about April 15, 1970 for a period from April 15, 1970 to and including April 29, 1970; appellant was notified of such action by letter dated April 15, 1970.
 

 “By letter dated April 29, 1970 the Harbor Police Department, Board of Commissioners of the Port of New Orleans notified appellant that he was dismissed from his position as a Harbor Policeman effective at the close of business on April 29, 1970.
 

 .¡. * * * * *
 

 “By the foregoing actions appellant has been demoted, dismissed, discriminated against, and subjected to disciplinary action contrary to provisions of Amend
 
 *101
 
 ment and of the Rules of this Commission.
 

 “By the foregoing actions appellant has been deprived of his rights, discriminated against, and adversely effected by violations of provisions of the Amendment and Rules of this Commission.
 

 “Appellant requests that this commission reverse the actions and orders of the Harbor Police Department and/or Board of Commissioners of the Port of New Orleans, and that appellant be reinstated to his position as a Harbor Police Patrolman, with back pay.”
 

 This notice set forth detailed information concerning the dismissal. Then, complaining of the action, it tracks the language of the Article 14, Section 15(0) (2) of the Louisiana Constitution.
 
 [1]
 

 Although the complaint lacks substantial detail, it is sufficient in our opinion to maintain the appeal. The fair import of the notice is that the dismissal was unfounded and erroneous. In the Commission’s rule, we find no requirement that the notice deny seriatim each pertinent sentence in the letter of dismissal. See Newbrough v. State, Dept. of Highways, La.App., 257 So.2d 461 (1972). Hence, we reinstate the appeal and remand the case to the Louisiana Civil Service Commission for further proceedings.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed, and the case is remanded to the Louisiana Civil Service Commission for further proceedings according to law and consistent with the views herein expressed.
 

 [1]
 

 . Section 15(0) (2) of Article 14 of the Louisiana Constitution reads as follows: “Subject to the rules governing the right of appeal, persons in the State or City Classified Service who allege that they have been deprived of their rights or discriminated against under the provisions of this Section, or persons who shall have apjilied for or shall have been examined for the Classified Service and shall not have establishod their status as permanent Classified employees and allege that they have been discriminated against in review of their applications, admission to the examination, the scoring of examinations, the establishment of eligible lists and certifications therefrom, shall be granted the right of appeal before the appropriate Commission.”