COLE, Judge.
Susan Kay Duncan appeals from a decision of the Louisiana Civil Service Commission sustaining an unsatisfactory rating given her while employed as a protective services worker for the Orleans Parish Family Services Division. We affirm.
Appellant was rated satisfactorily while working in the Service Maintenance Unit of the Family Services Division from April 9, 1973, to July 12, 1973, as a welfare visitor. On July 13, 1973, at her request she was transferred to the Protective Services Unit. She was working in this capacity at the time she received an unsatisfactory rating on April 25, 1974, for the period from July 13, 1973, through March 31, 1974. On May 31, 1974, she was transferred back to the Service Maintenance Unit as a welfare visitor.
After being notified of the unsatisfactory rating, at appellant’s request, an appeal hearing was held on July 16, 1974, before a review committee of the Division of Family Services. The appellant was notified by the Director of Family Services on July 31, 1974, that the committee upheld the rating given to her.
Appellant then petitioned for appeal to the Civil Service Commission on August 13, 1974. The appeal was based upon contentions that: (1) her rating was “non-objective and not based on fact,” and (2) she was “never advised that her performance was substandard in any way, nor was she ever given a supervisory plan by her supervisor” in violation of the departmental guidelines of the Director of the Family Services Division. Before the Civil Service hearing was held, the appellant moved for summary disposition, alleging that she was not advised in writing prior to her rating that her performance was substandard in violation of guidelines established by the Director of Family Services. At the hearing on the motion for summary disposition, counsel for appellant sought to argue an additional basis for summary disposition, which he orally styled as a “Peremptory Exception.” The factual basis for this so-called exception related to an allegation that the appellant did not receive written notification of her rating for more than thirty days from its effective date in violation of Civil Service Rule 10.3.[1]
“(a) At any time after the docketing of an appeal a written request may be filed by an interested party for summary disposition thereof on any of the following grounds:
“1. That the Commission lacks jurisdiction of the subject matter, or of the person against whom relief is sought.
“2. That the appellant has no legal right to appeal.
“3. That the appeal has not been made in the required manner or within the prescribed period of delay.
“4. That the appeal has become moot.
“5. That an appellant has failed to appear at the time fixed for the hearing of his appeal, without having been granted a continuance.
“6. That the written notice expressing the cause for the action complained against is insufficient; or, that the cause as expressed does not constitute legal ground for the disciplinary action.
“7. That the disciplinary action was not taken by the proper appointing authority.”
Civil Service Rule 13.14(a) sets forth the requirement that a summary disposition must be sought by written request on one of several enumerated grounds.[2] The appellant’s initial written request for summary disposition did not recite any of the enumerated grounds. While the appellant’s so-called “Peremptory Exception” was never keyed to any particular enumerated ground for summary disposition, the basis of the allegation is properly the subject for a summary disposition under Rule 13.-14(a)(6) dealing with insufficient notice. However, since it was not filed in writing before submission to the Commission, the denial of the summary disposition was prop *1219 er. The appellant’s later attempt to correct the omission by filing a “Motion to Conform to Oral Argument” does not suffice to give adequate notice to the party opposing the request for summary disposition.
The denial of a request for summary disposition, however, does not preclude the reconsideration of the issue by the Commission before final disposition. Rule 13.14(c).
Appellant in this appeal urges as error the failure of the Commission to consider her “Peremptory Exception” raised in her “Motion to Conform to Oral Argument.” Appellant goes further by filing before this Court a peremptory exception under Louisiana Code of Civil Procedure Article 2163 based on the same alleged violation of Rule 10.3. It is briefed as one of prescription. It is evident to us that by means of these convoluted pleadings, appellant seeks, in effect, to amend the original petition for appeal to the Commission, which omitted the ground that the notice given to appellant was insufficient in that more than thirty days elapsed from the time of the rating to the written notice. Rule 10.3. Under Rule 13.11(d), the notice of appeal to the Commission must contain a clear and concise statement of the basis for appeal.
It is questionable whether an appeal to the Commission may be amended to raise an additional ground for appeal after the time for appeal has elapsed. See e. g., Bennett v. Division of Administration, 307 So.2d 118 (La.App. 1st Cir. 1974). However, we are cognizant of the general principle that appeals, including those before the Civil Service Commission, are favored and should be maintained when possible and not be dismissed for technicalities. Smith v. Board of Commissioners of Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972).
It is also questionable whether the failure to timely object to the enumerated irregularities listed in Rule 13.14 amounts to a waiver of such objections. See e. g., Bonnette v. Louisiana State Penitentiary, 148 So.2d 92 (La.App. 1st Cir. 1962).
However, assuming that appellant’s contention that notice was insufficient was properly before the Commission, appellant’s specification is still without merit, because it is clear from the Commission’s written opinion that this contention was specified and noted by the Commission. While the Commission’s opinion does not address the resolution of this contention specifically, as we view the Commission’s opinion, all matters made issue were disposed of by the Commission when the appeal was heard on its merits. The opinion states:
“ * * * [T]he Commission could not find any evidence that would justify its overturn of the Unsatisfactory Service Rating. * * * ”
When the appeal came to the Commission on the merits, the parties stipulated to the introduction of the testimony adduced at the departmental hearing before the Family Services Division. Since the contention that appellant did not receive timely notice was not at that time at issue, there appears to have been little effort to elicit facts at the hearing bearing on this contention. However, there is adequate testimony in the record to support the conclusion that appellant’s supervisors gave her official notice within the required thirty days. Further, there appears to have been no prejudice caused to the appellant by the alleged delay in receiving notification.
Appellant’s only other contention on appeal is that the Division of Family Services violated its own guidelines in giving the appellant her unsatisfactory rating without giving her prior notice that her work had regressed to a substandard level. The departmental regulations or guidelines in question were not presented into evidence and do not form a part of the record. These guidelines are distinct from the Civil Service Rules, and accordingly, we may not take judicial notice of them. Therefore, the alleged violation of such guidelines is not a basis for appeal under the circumstances of this case.
For the foregoing reasons, the determination of the Civil Service Commission is affirmed, at appellant’s cost.
AFFIRMED.

. Civil Service Rule 10.3 provides:
“Within 30 days after the service rating has become official the employee shall be furnished written notification of his rating by his employing authority and a duplicate thereof shall be made a part of his personnel file maintained by the department employing him.”

. Civil Service Rule 13.14(a) provides: