349 So.2d 941 (1977)
Cecil E. TOMS
v.
LOUISIANA HEALTH & HUMAN RESOURCES ADMINISTRATION, DIVISION OF MANAGEMENT.
No. 11411.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 14, 1977.
Joel B. Dickinson, Baton Rouge, for appellant Cecil E. Toms.
*942 George F. McGowin, Baton Rouge, for appellee.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is an appeal by Cecil E. Toms, a permanent-status classified civil service employee in the Louisiana Health and Human Resources Administration, Division of Management, from a decision of the Louisiana Civil Service Commission upholding his demotion from the position of Internal Auditor V to the position of Internal Auditor III. We affirm.
The reasons for appellant's demotion were stated in a letter dated, April 14, 1976, as follows:
I. "Inability to function as an audit supervisor.
A. "The audit of the Title XIX contract between the Division of Family Services and the Easter Seal Society of Louisiana had glaring errors which should have been brought to the attention of the auditor, Frank Martone. The contract specifically states that Easter Seal Society of Louisiana will be paid a fee for services of $7.50. The audit contains schedules of the direct cost to provide the services. The schedule of costs reflects 20% of direct costs as administrative costs, for which there is no documentation of the validity of this cost. The audit recommends a reimbursement of all costs as though the contracts were on a cost reimbursement basis.
"The three contracts were for the following periods:
1. February 1, 1974 through June 30, 1974
2. July 1, 1974 through December 31, 1974
3. January 1, 1975 through June 30, 1975
"The audit reports for the aforementioned contracts were prepared in the same manner as previously stated. The total improperly reimbursed based on your recommendation was $3,239.89. The erroneous audit report for the contract period of January 1, 1975, through June 30, 1975 recommended reimbursement of an additional $9,156.25.
"Your duties as an audit supervisor were to review the work of your subordinates and either approve the report or reject and make recommendations for corrections. You, as an experienced auditor and supervisor, should realize that when preparing to review an audit, the first step is to read the contract and make notes of the specifications of that contract. Had you properly reviewed this contract and audit report, you would have realized that there were no provisions for the reimbursement suggested by Mr. Martone.
B. "The audit report of the Title XIX contract between the Division of Family Services and Pan American Life Insurance Company for the year ended December 31, 1971 was sent to you for your review approximately October 29, 1975. You held that audit report until Mr. Prados (appellant's supervisor) was informed that it had been prepared and he requested it approximately February 20, 1976. You had not taken action to correct, approve, or reject the audit report.
"After reviewing the audit report, Mr. Prados requested in a memorandum dated February 24, 1976, that you submit in writing on March 5, 1976 an answer to the questions Mr. Prados attached to that memorandum. To this date, Mr. Prados had not received those answers in writing.
"When the deadline was not met, a meeting was held on March 8, 1976 and the answers were given verbally, at which time you and your employees were requested to correct the audit report.
II. "Acts of Insubordination.
A. "On Friday, February 13, 1976 at 4 p.m., Mr. Prados gave very specific verbal instructions to review the *943 budget justification for your Title XIX Audit Unit and prepare a schedule of your manpower needs for the fiscal year 1976-77. You were informed that this was an extraordinary situation that would require weekend work. Mr. Prados was very specific about having this prepared for typing at 8 a. m., Monday, February 16, 1976. You did not come to the office until 9 a. m., Monday and you had not completed the assignment.
B. "On January 13, 1976, you were requested to provide Mr. Prados with a schedule of your manpower needs with a division by auditing districts. The memorandum was specific that you have this completed by February 13, 1976. You did not.
"On February 17, 1976, Mr. Prados requested your written response listing the reason for not having completed this request. You did not respond in writing.
"On February 24, 1976, you submitted the schedules as originally instructed, but the information was inaccurate. Mr. Prados then returned these inaccurate schedules and requested by memorandum dated February 25, 1976, that you correct and return them within a week (March 3, 1976).
"You did not submit the correct schedule until March 5, 1976."
This letter bears the signature of Ben Jeffers,[1] the Undersecretary of the Louisiana Department of Health and Human Resources.
On May 12, 1977, the appellant filed a Petition of Appeal with the Civil Service Commission denying the allegations contained in the letter of demotion and alleging discrimination in the failure to promote appellant to the position of Health Service Audit Director, a position for which he had applied.
A public hearing was held before four members of the Civil Service Commission on November 4, 1976. The Commission refused to hear evidence on appellant's charges of discrimination because the allegations contained in his petition were too vague and did not afford the appointing authority an opportunity to prepare a defense.
After the hearing, the commission, by a 3 to 1 vote, sustained appellant's demotion based on the numerous deficiencies in performance proven by the appointing authority and consequently denied appellant's appeal.
Appellant contends that the Civil Service Commission erred in denying his appeal because:
(1) The letter of demotion was inherently defective as it was not signed by the appointing authority;
(2) The audits complained of were all approved by appellant's superiors at the time the audits were conducted;
(3) The appeal was heard by only four (4) members of the seven (7) member Civil Service Commission and all four of those sitting did not agree on a decision, therefore, appellant argues, their action does not represent a judgment by a majority of the seven member commission; and
(4) The appellant was not allowed to present evidence regarding his charges of discrimination.
Appellant's first specification of error maintains that his demotion is invalid because the disciplinary letter was not signed personally by Ben Jeffers, who is admittedly the appropriate appointing authority.
Counsel for the Department of Health and Human Resources argues that this issue is not properly before this Court, as it is an issue which should have been raised and submitted to the Commission on a motion for summary disposition under Rule 13.14. Counsel maintains that appellant's failure to raise this issue in his petition or to submit *944 the issue on summary disposition to the Commission renders our review inappropriate.
"It is also questionable whether the failure to timely object to the enumerated irregularities listed in Rule 13.14 amounts to a waiver of such objections." Duncan v. L. H. H. R. A., Division of Family Services, 341 So.2d 1217, 1219 (La.App. 1st Cir. 1976).
In any event, assuming arguend that appellant's contention is properly before us, appellant's specification is still without merit.
Rule 12.3(a) of the Civil Service Commission states:
"In every case of removal, demotion or reduction in pay for cause of a permanent employee, the appointing authority or his authorized agent shall furnish to the employee at the time such action is taken, or prior thereto, a statement in writing giving detailed reasons for such action. The appointing authority shall furnish the Director a copy of such statement within 15 calendar days of the date the employee is notified." (emphasis supplied.)
Ben Jeffers, the appointing authority, testified at the hearing that it was his decision to take disciplinary action against the appellant. He stated that this decision was based on recommendations made by appellant's immediate superior. He further testified that the letter of demotion was written under his authority and that his signature was affixed to said letter with his approval by his deputy.
Accordingly, we find that the notice of demotion satisfies the requirements of Rule 12.3, above.
Secondly, appellant contends that the evidence presented at the hearing was insufficient to support his demotion, as the audits complained of had all been approved by his superiors when each audit was conducted.
The evidence in the record unquestionably establishes that appellant approved three audits made of the Easter Seal Society for Crippled Children and Adults of La., Inc., which provided for reimbursements from the State in excess of the amounts provided by the applicable contract between the Easter Seal Society and the State. Approval of the first two of these audits resulted in an overpayment by the State to Easter Seals in the amount of $3,239.89. No funds were paid under the third audit.
While we appreciate the fact that these audits were ultimately approved by appellant's superiors, it is clear from the record that appellant had the primary responsibility for supervising and verifying these audits. The approval of the audits, containing reimbursement schedules at variance with the amounts provided by the appropriate contract, amounted to a deficiency in appellant's performance sufficient to warrant the action taken in demoting him.
We stated in Ragusa v. Department of Public Safety Division of State Police, 238 So.2d 193 (La.App. 1st Cir. 1970), writ refused 256 La. 885, 239 So.2d 542 (1970), that charges of improper conduct condoned by an employee's superior may nevertheless be grounds for disciplinary action brought by a subsequent occupant of the superior position. This statement contains a corollary to the effect that the charges of improper conduct must be the real motive for the disciplinary action.
In the instant case, we find that appellant's deficiencies in performance with regard to the audits of Easter Seals constituted the real motive for his demotion. Additionally, we note that the record contains ample evidence of the other deficiencies in performance found by the Commission. We, therefore, reject appellant's second contention.
Appellant's next contention is that the 3 to 1 decision denying his appeal does not represent a majority opinion of the seven member Civil Service Commission.
Article X, Section 3(A) of the 1974 Constitution reads:
"The State Civil Service Commission is established and shall be domiciled in the state capitol. It shall be composed of seven members who are electors of this *945 state, four of whom shall constitute a quorum. No more than one appointed member shall be from each congressional district." (emphasis supplied)
This Court stated in Alonzo v. Louisiana Department of Highways, 268 So.2d 52 (La. App. 1st Cir. 1972) in construing the corresponding provision of the 1921 Constitution that when a quorum of the State Civil Service Commission is present, the actions of the majority of those present are constitutionally valid.
The record is clear that the requisite four member quorum was present at appellant's hearing on November 4, 1972. Therefore, appellant's contention is wholly without merit.
Finally, appellant contends that the Commission erred in refusing to receive evidence on his charges of discrimination.
Rule 13.11 of the Civil Service Commission provides:
"A notice of appeal must . . .
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail; and . . ."
Failure to comply with the requirements of Rule 13.11(d) renders the appeal ineffective. See Civil Service Commission Rule 13.12(a).
An examination of appellant's petition in the instant case reveals that the allegations of discrimination are general and vague, and do not satisfy the requirements of Rule 13.11(d), above. Accordingly, the Commission properly granted the appointing authority's motion for summary disposition and properly excluded evidence on the issue of discrimination.
We find no merit in any of appellant's contentions.
For the above reasons, the decision of the Civil Service Commission is affirmed at appellant's cost.
AFFIRMED.
NOTES
[1] Ben Jeffers did not personally sign the letter, rather it was signed by a deputy acting with Mr. Jeffers' authority and in his stead.