EDWARDS, Judge.
This appeal by Lillie Bell Goins seeks review of rulings by the State Civil Service Commission which: 1) dismissed, on a motion for summary disposition, her appeal from the denial of a salary step increase; and 2) denied her appeal from a thirty day suspension without pay.
Appellant is employed as a Nursing Aide II at E. A. Conway Memorial Hospital in Monroe, where she has worked for thirteen (13) years. By letter dated January 25, 1977, appellant initiated this appeal from the denial of a step increase in pay, contending that she was being discriminated against “because she is black.”[1]
Subsequently, appellant was informed, by letter dated February 10,1977, that she was being “suspended from duty and pay for a *307 period of thirty days beginning Monday, February 14, 1977 through Tuesday, March 15, 1977.” The reasons assigned for this action were:
“1. During your shift on the night of January 16-17, 1977, you removed and concealed the temperature sheet in use at the time and on which patients’ temperatures taken earlier in the day had been recorded.
“2. On January 19, 1977, your supervisor, Ms. Simonton, attempted to explain the reasons to you concerning the refusal to grant your merit increase. As Ms. Simonton began to speak, you got up and, as you walked out of the room, stated that you didn’t want to hear what Ms. Simonton had to say.
“3. On February 1, 1977, you were requested to take the 12:00 noon temperatures by Ms. 0. Johnson. You were placing paper bags on night stands at the time, and this was a task that is necessarily subordinate in importance to the taking of temperatures. Your reply was that you were busy and that Ms. Simon-ton, R.N., would just have to wait until you were finished.”
This letter also stated:
“Your behavior is disruptive to the orderly and efficient operation of nursing service. While the consistency of your insubordination may warrant termination, your years of service and otherwise satisfactory work has not gone unnoticed. “I take this means to inform you that insubordinate or disruptive behavior will not be condoned. Counseling in the past has apparently been unsuccessful and unless your conduct improves, your position with this facility will be terminated.”
Appellant filed a second letter of appeal on February 16, 1977, asserting that she was suspended because she had appealed the denial of the pay increase.
A hearing was held on both appeals before a referee on August 11, 1977. At the hearing the referee granted the appointing authority’s motion for summary disposition of the pay increase appeal, since appellant’s letter of appeal did not allege specific facts supporting the charge of discrimination as required by Civil Service Rule 13.11(d). Thereafter, the hearing was conducted solely on the issue of the suspension. The Commission rendered its decision on February 20, 1978, upholding the suspension.
Appellant contends that the Commission erred in denying her appeal and assigns the following specifications of errors:
1. The Commission erred in granting the motion for summary disposition in reference to the appeal from the denial of the step increase.
2. The Commission erred in not ruling on appellant’s constitutional objection to the time limits established by Civil Service Rule 13.12.
3. The Commission erred in determining that the appointing authority had established legal cause for the thirty-day suspension.
4. The Commission erred in failing to find that appellant’s suspension was predicated upon bias and discrimination rather than a rules infraction.
ERROR NO. 1
The appeal of the denial of the salary step increase was dismissed by the referee on a motion for summary disposition. The basis of the appointing authority’s motion was the failure of the appellant to allege specific facts in the letter of appeal to support the conclusion of discrimination.
In this regard, Civil Service Rule 13.11 provides in pertinent part:
“A notice of appeal must .
“(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail;”
Our Supreme Court has determined that Rule 13.11(d) lies within the rule-making power of the Commission and that the Rule is not unconstitutional. Smith v. Board of Commissioners of Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972).
*308 A mere statement, such as is contained in appellant’s letter, that one has been discriminated against because of color does not satisfy the requirement of Rule 13.11(d) that specific facts be alleged, nor does it afford the appointing authority an opportunity to prepare a defense. On the contrary, such a statement is nothing more than a classification of the type of discrimination alleged (e. g. sex, race, religion etc.). Accordingly, the motion for summary disposition was properly granted. See Toms v. LHHRA, 349 So.2d 941 (La.App. 1st Cir. 1977), writ denied, 351 So.2d 162 (La.1977).
ERROR NO. 2
Appellant contends that the thirty (30) day period for appealing or amending a letter of appeal, established by Rule 13.12, is a denial of her right of due process and is therefore unconstitutional.
This Court was confronted with the identical contention in Sutton v. Department of Public Safety, 340 So.2d 1092 (La.App. 1st Cir. 1976). The Court there stated, in determining the issue adversely to appellant’s contention, that the limitation was a reasonable exercise of the Commission’s rule-making powers and that the rule was not unconstitutional. We agree.
ERROR NO. 3
The Commission found that there was an adequate basis in the evidence to support the charges made against appellant as the ground for the suspension. In fact, the Commission noted that the appellant herself made admissions which established the truth of the charges.
Our examination of the record reveals that appellant’s defense was by way of explanation and excuse rather than by denial of the facts. We find that the appointing authority has conclusively established the facts and charges underlying the suspension.
Appellant, however, contends that the complained of conduct does not constitute legal cause for the disciplinary action.
This Court stated in Hamlett v. Division of Mental Health, 325 So.2d 696, 700 (La. App. 1st Cir. 1976):
“ * * * Our Supreme Court has juris-prudentially defined legal cause for disciplinary action against a classified employee as that conduct which impairs the efficiency of the public service, and which bears, a real and substantial relation to efficient and orderly operation of the public service in which the employee is engaged. * * * ”
There is ample evidence in the record, especially the testimony of Ms. Simonton, Ms. Johnson and Mr. Carlos, from which the Commission could conclude that a substantial relationship existed between appellant’s conduct and the efficient operation of nursing services at the hospital. Accordingly there existed legal cause for the disciplinary action such that the Commission’s ruling should not be disturbed. See Patrick v. Lake Charles Municipal Fire & Police Civil Service Board, 344 So.2d 1121 (La.App. 3rd Cir. 1977).
ERROR NO. 4
Finally, appellant contends that the suspension was motivated by bias and discrimination rather than a rules infraction.
There is absolutely no evidence in the record to support appellant’s contention. . Neither is there any proof, aside from appellant’s uncorroborated testimony, that the suspension was a form of retaliation for appellant’s appeal concerning the pay increase.
For the above reasons the ruling of the Commission is affirmed at appellant’s cost.
AFFIRMED.

. Appellant also alleged that her superior wanted to replace her with a younger white lady. This allegation was voluntarily abandoned by appellant at the hearing.