411 So.2d 63 (1981)
Sally M. BANTIN, Plaintiff-Appellee,
v.
STATE of Louisiana, Through DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT, Defendant-Appellant.
No. 8489.
Court of Appeal of Louisiana, Third Circuit.
December 3, 1981.
Andrus & Doherty, Alex L. Andrus, III, Opelousas, for plaintiff-appellee.
Warren D. Ponder, Baton Rouge, Voorhies & Labbe, W. Gerald Gaudet, Lafayette, for defendant-appellant.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
*64 GUIDRY, Judge.

MOTION TO DISMISS
The plaintiff-appellee, Sally M. Bantin, moves to dismiss the devolutive appeal of the defendant-appellant, State of Louisiana through the Department of Transportation and Development, as not being perfected within the time allowed by law. We deny the motion to dismiss the appeal.
The plaintiff sued the State of Louisiana through the Department of Transportation and Development (hereafter Department), H & S Construction and its insurer, Northwest Insurance Company, to recover damages suffered in an automobile accident. The trial court found the defendants solidarily liable. The chronology of events is as follows:

February 24, 1981 Final judgment signed by trial
 judge.
March 9, 1981 Notice of final judgment sent
 to parties.
March 10, 1981 H & S Construction and Northwest
 Insurance Company apply
 for a new trial.
April 1, 1981 The trial court denies the application
 for a new trial.
May 22, 1981 The State of Louisiana through
 the Department of Transportation
 and Development files a
 motion for a devolutive appeal.
May 26, 1981 The trial court signs the order
 for a devolutive appeal.

The delay for taking a devolutive appeal is 60 days after the date of the trial court's refusal to grant a new trial, where notice of the refusal is not required. LSA-C.C.P. Art. 2087(2).[1] The motion for a devolutive appeal was filed with the Clerk of Court on the fifty-first day after the trial court's denial of the application for a new trial.[2]
The plaintiff contends that since the Department did not apply for a new trial, the Department's delay for perfecting a devolutive appeal began to run after the expiration of the delay for applying for a new trial. LSA-C.C.P. 2087(1).
The issue presented is whether the timely filing of an application for a new trial, by one or more of the defendants in a lawsuit, suspends the running of appellate delays to those defendants who have not applied for a new trial.
This court in Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir. 1976) ruled that an appeal by the plaintiff was premature and subject to dismissal where an application for a new trial by the third-party defendant and the intervenor had not been acted upon by the trial court. The court stated:
"While recognizing that there is authority to the contrary (Thibodeaux v. Lock Clinic, 299 So.2d 574 [La.App. 4 Cir. 1974]; Department of Highways v. D & J Realty Company, Inc., 245 So.2d 465 [La. App. 2 Cir. 1971]), the better rule in the interest of judicial economy and orderly procedures is that the timely filing of a motion for new trial, by one or more of the parties to a lawsuit, holds the previously signed judgment in abeyance until a final judgment decides all issues as to all parties in the suit. LSA-C.C.P. art. 1971, 2164; Simmons v. Beauregard Parish School Board, 293 So.2d 226 (La.App. 3 Cir. 1974).
*65 Since the application for a new trial holds the previously signed judgment in abeyance as to all the parties until a final judgment is rendered, the delays for taking a devolutive appeal cannot begin to run until such a final judgment is rendered. It would be incongruous to hold that an appeal by any party filed before an application for a new trial is acted upon is subject to dismissal as being premature yet at the same time the delay allowed for taking a devolutive appeal is running against those parties who did not apply for a new trial.
We do not consider that our decision in Billeaud, supra, and in this case conflicts with Thurman v. Star Electric Supply, Inc., 283 So.2d 212 (La.1973), on which case mover primarily relies.
In Thurman, supra, the appellate court, in dismissing an appeal as untimely, held that under C.C.P. Art. 1971 a new trial granted to a party on part of the issues did not hold a judgment in abeyance as to other issues and parties unless the judgment is ordered held in abeyance by the trial judge. In reversing the Court of Appeals, our Supreme Court adopted neither the rule as announced by the Court of Appeal nor the reasoning advanced by the appellant, who argued that if any application has been timely filed the delay for taking an appeal for any party begins to run only after the refusal to grant an application for a new trial. In Thurman, supra, the Supreme Court recognized that that case represented a conflict between the abhorrence to "piecemeal appeals" and a liberal rule promoting the efficient disposition of litigated issues as soon as possible. In resolving this conflict the Supreme Court, in effect, concluded that a new trial application by one party does not necessarily extend another party's delay for appealing. However, where the issues are interrelated to the extent that one party's motion and the trial court's action thereon substantially affect the non-moving party or parties the application for rehearing by one will extend the delay for taking an appeal for all parties. In the instant case, the trial court judgment found the defendants solidarily liable. The granting of a new trial as to one of those defendants would certainly have affected the other defendants.
The above being considered, under the Thurman rationale the timely application for a new trial filed by H & S Construction Company and Northwest Insurance Company operated to extend the delay allowed the Department for appealing. As stated in Thurman:
"... Appeals are favored in the law, and should not be dismissed unless the law clearly requires a dismissal. Smith v. Board of Commissioners of Port of New-Orleans, 262 La. 96, 262 So.2d 383 (1972)."
For the above and foregoing reasons, the motion to dismiss is denied. The plaintiff-appellee is to pay the cost of these proceedings.
MOTION DENIED.
NOTES
[1] LSA-C.C.P. Art. 2087 states:

Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
(2) The court's refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; or
(3) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
When a devolutive appeal has been taken timely, an appellee who seeks to have the judgment appealed from modified, revised, or reversed as to any party may take a devolutive appeal therefrom within the delays allowed in the first Paragraph of this Article or within ten days of the mailing by the clerk of the notice of the first devolutive appeal in the case, whichever is later.
[2] A devolutive appeal is perfected upon the timely filing of the motion with the Clerk of Court. Traigle v. Gulf Coast Aluminum Corp., 399 So.2d 183 (La.1981).