FORET, Judge.
MOTION TO DISMISS
The defendants-appellees, Jarwin Contracting Company and Hartford Casualty Insurance Company, move to dismiss the appeal of plaintiff-appellant, Frank Johnson, Jr., as not being timely perfected.
On September 9, 1983, a civil jury rendered its verdict, dismissed plaintiffs demands against Jarwin Contracting Company and Hartford Insurance Company but rendered judgment against co-defendants, Richard D. Layssard and Reliance Insurance Company in the amount of three thousand ($3,000.00) dollars. Formal judgment was signed in conformity with this verdict on November 15, 1983.
The plaintiff timely filed a “motion for a judgment notwithstanding the verdict and/or for an additur of damages and/or for a new trial in the alternative.” On December 12, 1983, after the motions were argued, the trial judge denied the motions as to Jarwin Contracting Company and Hartford Insurance Company but took under advisement the motion as to Richard D. Layssard and Reliance Insurance Company. After handing down written reasons on January 13, 1984; in a “judgment on rule” dated March 2, 1984, and in an “amended judgment on rule” dated March 13, 1984, the trial court confirmed the dismissal of the motions as to Jarwin and Hartford, granted an additur against Richard D. Layssard and Reliance Insurance Company, and granted a new trial in the event the additur was not accepted. On March 19, 1984, the plaintiff obtained an order granting a devolutive appeal against Jarwin and Hartford who now have filed a motion to dismiss the appeal as being untimely perfected.
Defendants-appellees cite Article 2087 of the Louisiana Code of Civil Procedure which provides:
“... and appeal which does not suspend the effect or the execution of an appeala-ble order or judgment may be taken within sixty days of:

(2) The court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; ...”
*678 They argue that since the appeal was taken on March 19, 1984, more than (60) sixty days after the court’s denial on December 12, 1983, of plaintiffs motion for a new trial; the appeal was untimely.
The judgments signed on March 2 and March 13 of 1984, however have an effect on the timeliness of the appeal. According to recent jurisprudence the application for a new trial holds a previously signed judgment in abeyance as to all parties until final judgment is rendered. The delays for taking a devolutive appeal can not begin to run until such a final judgment is signed. (Our emphasis). Bantin v. State, Through Dept. of Transp., Etc., 411 So.2d 63 (La. App. 3rd Cir.1981); Billeaud v. Perry, 336 So.2d 539 (La.App. 3rd Cir.1976).
Although the trial court orally denied the motions as to Jarwin and Hartford on December 12, 1983, it did not rule on the motion as to the co-defendants, Layssard and Reliance, until March 2 and March 13 of 1984. Until the motions as to all parties had been decided, the delays for taking the devolutive appeal did not begin to run. The appeal was, thus, timely filed on March 19, 1984, within (60) days of the ruling on the motions. The motion to dismiss the plaintiff’s appeal is denied.
MOTION DENIED.