ALFORD, Judge.
Howard L. Daley, appellant, a classified employee of appellee, the Office of Licensing and Regulation in the Louisiana Department of Health and Human Resources (DHHR), appeals an adverse ruling of the Civil Service Commission.
The record indicates that Daley was informed by Mr. B.W. Brown, director of the Office of Licensing and Regulation, in a letter dated December 29, 1982, that he would not receive his salary for a period of six hours — from 10:30 a.m. until 4:30 p.m. —on December 17, 1982. The letter stated that Daley was not present at a staff meeting nor at the office Christmas Luncheon held that date. The letter also indicated that Daley was not seen after 10:30 a.m. that morning.
Daley responded by letter dated January 7, 1983, to Brown. A copy of this letter was sent to the Civil Service Commission. Daley’s two page letter set forth in detail the action he disagreed with and the reasons why. After receiving no response to his January 7, 1983, letter, Daley sent a letter dated January 24, 1983, to the Director of Civil Service. This second letter referred to Daley’s first letter, complaining that he had received no response to the first letter, and thereby requested a hearing before Civil Service.
A public hearing limited to a consideration of Daley’s right to appeal was held before a referee appointed by the Civil Service Commission. The referee found that Daley had no right to appeal, basing his decision on Civil Service Rule 13.11(d), which provides in essence that an appellant’s written notice of appeal must contain a clear and concise statement of the actions complained of and the basis for the appeal.[1] *614 It was the referee’s determination that Daley had made no “clear and concise statement of the basis” for his appeal in the letter of January 13, 1983. The referee decided that Daley’s first letter should not be considered in that determination. The referee further noted that Daley had no basis for an appeal under Rule 13.10. Thereafter, the Civil Service Commission denied Daley’s application for review of the referee’s decision.
It is apparent from the jurisprudence that the overall purpose of Rule 13.-11(d) is to give notice. As this court stated in Shelton v. Southeastern Louisiana University, 431 So.2d 437, 439 (La.App. 1st Cir.1983): “... the function of rule 13.11(d) is two fold: (1) it apprises the appellee and the Commission of the material facts in dispute and therefore establishes the scope of the evidentiary hearing; (2) it enables the Commission to gauge the amount of time needed for the evidentiary hearing by narrowing the issues.” It is obvious that the Commission was fully apprised of the material facts in dispute in this case. The evidence indicates that the Commission had both of Daley’s letters in its records. Daley’s second letter referenced the first letter, and the first letter quite clearly complied with Rule 13.11(d).
We also note that the referee was clearly wrong in its finding that Daley had no basis for appeal under Rule 13.10. Considering both of Daley’s letters, it is apparent to us that Daley stated a ground for appeal under at least section (b) of Rule 13.10. This section provides that “An appeal may be made to this Commission by ... (b) Any person in the Classified Service who, having acquired permanent tenure, alleges that he has been demoted, dismissed, discriminated against, or subjected to any disciplinary action contrary to any provision of the Article or of the Rules of this Commission.” Daley’s allegations are clearly encompassed by Rule 13.10(b).
Appeals are favored in the law. See, Smith v. Board of Com’rs of Port of New Orleans, 262 La. 96, 262 So.2d 383 (1972). It is our opinion that Daley was improperly denied a hearing on the merits. Therefore, for the reasons assigned, the decision of the Civil Service Commission is reversed and remanded for proceedings consistent with this opinion and the law. Costs of this appeal are taxed to appellee in the amount of $50.00.
REVERSED AND REMANDED.

. 13.11 Request for Appeal.
A notice of appeal must
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal.
*614 Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged insufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant’s action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.