REGAN, Judge.
This is an appeal from a Civil Service Commission ruling, in which the action of the Audubon Park Commission in discharging Paul Chassaignac as a laborer was upheld. The reason for his discharge, stated both in the letter of dismissal to him and the notice to the director of City Civil Service, was that he reported for work on an average of 25 hours per week for a job requiring the employee to work 48 hours. The Commission, inter alia, determined that:
1) Chassaignac was hired under a civil service classification requiring an employee to work eight hours per day, six days per week; however, he averaged 25 hours per week.
2) Appellant’s abrasive attitude was not conducive to a harmonious employer-employee relationship.
3) Appellant failed to prove his dismissal was without just cause or that the appointing authority acted in a discriminatory manner.
At the administrative level, Chassaignac readily admitted he worked approximately 25 hours per week between September 25, 1969, the date he was hired, through July 8, 1970, the date he was fired. He stated, however, that he was given permission to work on this parttime basis by William Fruchtnicht, former superintendent of the park. Chassaignac was discharged by Fruchtnicht’s successor, Dennis J. Lacey, Jr., approximately one week after he assumed the office of superintendent.
The appellant initially contends that he was fired for insufficient cause under exceptional circumstances. He concedes the failure to work a 48 hour week would ordinarily be sufficient grounds for' dismissal; however, he argues either the affirmative agreement permitting him to work parttime or the employer’s acquiescence thereto by inaction for more than nine months estops the appointing authority from dismissing him. Counsel insists that before appellant could have been dismissed for working irregular hours, the employer would be required to warn him to report for work on a fulltime basis.
We reject this contention. The fact that the infraction has continued over a period of time before action is taken is not sufficient reason to disregard the charge. It is only when an impliedly condoned action is resurrected as an ostensible justification for, dismissal to disguise what is, in fact, a politically motivated firing that the courts will not approve the dismissal. We hasten to point out that this is true even if the condoned infraction ordinarily would be adequate cause for discharge. In Ragusa v. Department of Pub. Safe. Div. of St. Police,[1] the Court of Appeal, First Circuit, reasoned:
“On the second point, we are faced for the first time with a situation in which an appointing authority has made a conscious decision that certain conduct does not warrant disciplinary action, and a subsequent occupant of the same position has decided that the same conduct is grounds for dismissal.
“In other cases which have involved the use of so-called ‘stale’ charges, such as Cormier v. Board of Institutions, State Dept. of Inst., 230 So.2d 307 (La.App. 1 Cir. 1969), the ‘staleness’ of the charges has been used as evidence of the fact that the real reason for disciplinary action was not the reason set forth in the letter of dismissal. In that case, this court held that although the conduct com *605 plained of was sufficient grounds for dismissal, it had been ‘condoned, and the basis for the discharge was not the rules violation but political motivation.’
“In other words, ‘staleness’ alone is no reason for disregarding a charge, so long as it forms the real basis for the proposed disciplinary action.
“In the Cormier case, supra, we agreed with the Commission that condoned charges, resurrected for personal or political motives, could not form the basis for disciplinary action. We also said:
“ ‘We; make it. clear, however, that we do not mean charges of improper conduct concealed through design, artifice or in collaboration or collusion with former Boards, superiors or employers, may never be grounds for disciplinary action or dismissal by subsequent Boards, superiors or employers who bare concealed wrongdoing on the part of a classified employee.’
“In this case, we have found that the charges contained in the letter of dismissal were the real motive for the disciplinary action. We have also found that the same charges had been condoned by the immediate predecessor of the appointing authority some months previously.”
Appellant has suggested that his dismissal was politically motivated both in his notice of appeal directed to the Commission and in his testimony. However, the evidence fails to bear out these accusations. Under LSA-Const. art. XIV, § 15(N) (1), the employee bears the burden of proof. Having failed to substantiate that his discharge was for any other reason than that stated in his notice of dismissal, we conclude the appointing authority was justified in dismissing him for working a 25 hour week.
The second complaint of error is that the Commission found as a fact Chassaignac was paid for a 48 hour week when he only worked 25 hours. We are convinced that the Commission did not make that finding. The language in question reads:
“Appellant did not work a full forty-eight hour week in the position of Laborer at Audubon Park, but appellant worked irregular hours amounting to approximately twenty-five hours per week in a position which required and paid for eight hours per day, six days per week.”
As we interpret it, the reference to pay pertains to the requirements of the job and does not mean that the appellant received funds to which he was not entitled.
Appellant then argues that the letter of dismissal was too vague to constitute notice of the cause of dismissal in that detailed reasons including pertinent time, places and dates were omitted. In view of the fact Chassaignac admitted that he worked 25 hours per week since a full-time schedule would have interfered with his civic endeavors, it does not appear he was not fully apprised of his employer’s complaint. He asserted that he did not work on rainy days and would not work on Thursdays because he would be unable to attend meetings of the New Orleans City Council.
Finally, counsel for appellant insists that the Commision predicated its decision on a factual finding not cited to Chassaignac as a reason for his dismissal, i. e., his abrasive attitude tended to create a bad employer-employee relationship. The letter of dismissal stated that the appellant was discharged because he reported to work on an irregular basis. The record emphatically bears this out. This in itself is sufficient to warrant our affirming the decision of the Commission. Whether plaintiff was or was not charged with having an abrasive attitude in his letter of dismissal is of no moment.
For the reasons assigned, the ruling appealed from is affirmed at appellant’s cost.
Affirmed.

. 238 So.2d 193 (1970).