376 So.2d 1032 (1979)
John D. NEWTON and Amos Augustine, Jr., Appellants,
v.
LOUISIANA TRAINING INSTITUTE-MONROE DEPARTMENT OF CORRECTIONS, Appellee.
No. 12781.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Michael L. Womack, Asst. Director, North Louisiana Legal Assistance Corp., Monroe, for appellants.
Annette Seng, Staff Atty., Dept. of Justice, Baton Rouge, for appellee.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This case is on appeal from a ruling of the State Civil Service Commission which upheld the dismissal of two classified employees. The appellants, John D. Newton and Amos Augustine, Jr., were Cottage Parents II at Louisiana Training Institute in Monroe, Louisiana. Newton was dismissed from his position for an incident occurring on January 20, 1978, when he struck one of the residents. Amos Augustine's dismissal resulted from the paddling of one of the residents on January 15, 1978.
In his letter of appeal Newton contends that:
"The basis for appelant's [sic] appeal is twofold: (1) that the student did become violent and uncontrollable; and (2) that his dismissal is a product of discrimination. The basis for the discrimination being that, although the student he was accused of using corporal punishment on is a black student, there were white students involved in the incident and appelant *1033 [sic] alleges that anytime that a black cottage parent seeks to discipline a student or any group of students, he receives either a great deal of criticism or runs the risk of being dismissed. Although the allegations in the letter from the Secretary of Corrections do not state that the corporal punishment was performed on a white student, appelant [sic] alleges that the sole and proximent [sic] cause of his dismissal is the fact that he was seeking, as he had done on several occasions, to also discipline white students. Appelant [sic] avers that no such action would be taken against white cottage parents under the same or similar facts situations had they sought to discipline white or black students."
Augustine's letter of appeal states:
"The basis for appelant's [sic] appeal is twofold: (1) that corporal punishment at L.T.I. is not only condoned but it is encouraged, and (2) that his dismissal is a product of discrimination. The basis for the discrimination being that anytime that a black cottage parent seeks to discipline a student or any group of students, he receives either a great deal of criticism or runs the risk of being dismissed. Appelant [sic] avers that no such action would be taken against white cottage parents under the same or similar facts situations had they sought to discipline students."
The Commission ruled that there was sufficient cause for the dismissals and that the allegations of discrimination lacked sufficient specificity to fulfill the requirement of Civil Service Rule 13.11(d).
On appeal the appellants contend the Civil Service Commission erred in (1) "not allowing appellants to introduce evidence to show discrimination against appellants in appellants' dismissals from employment at L.T.I., Monroe," and (2) "holding that appellants' letter of appeal did not contain specific facts, sufficiently detailed, to support the conclusions of discrimination, although the commission had previously found, on a Motion for Summary Disposition, that the very same letters of appeal did contain adequate declarations of basis for appeal."

ERROR NO. 1
In Legros v. Department of Public Safety, Division of State Police, 364 So.2d 162 (La.App. 1st Cir. 1978), writ denied 366 So.2d 562 (La.1979) this court examined Rule 13.11(d) and concluded that:
"The obvious purpose of Rule 13.11(d) is to insure the appointing authority the same degree of specificity concerning its alleged discrimination as the employee is entitled to receive with respect to the charges on which the disciplinary action is predicated. The requirement is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing before the Commission."
Sergeant Legros' allegation that others similarly situated were treated differently did not fulfill the requirement of Rule 13.11(d), the court found.
Appellants assert that their allegations are sufficiently specific and that any more specificity would amount to "cheap" discovery. We disagree.
The basic allegation of discrimination in a racial situation is that the actions taken would have been different had the appellants been members of a different race. To fulfill Rule 13.11(d)'s requirement that the allegations be "in detail," there must be sufficient information beyond this basic allegation. This information was lacking in the appellants' letters of appeal, and thus we find no error on the part of the Commission in excluding the testimony concerning discrimination.

ERROR NO. 2
On motions to dismiss, the appointing authority attempted to have the allegations of discrimination decided summarily in its favor. The Commission denied both motions, stating, "the letter of appeal constitutes an adequate declaration of a basis for appeal." Later at the hearing the Commission explained that the appeals were *1034 maintained because other allegations were presented in the letters of appeal. Although the allegations of discrimination should have been dismissed summarily, this technical error on the part of the Commission does not constitute reversible error.
For the above reasons the ruling of the State Civil Service Commission is affirmed. The appellants are to pay all costs of this appeal.
AFFIRMED.