374 So.2d 172 (1979)
Brian EASTWOLD, President of/and the Public Employees Association
v.
CITY OF NEW ORLEANS, Through Its Mayor, Ernest N. MORIAL, and the New Orleans Civil Service Commission.
No. 10200.
Court of Appeal of Louisiana, Fourth Circuit.
July 30, 1979.
Rehearing Denied September 10, 1979.
Writ Refused November 1, 1979.
Clyde P. Martin, Jr., New Orleans, for plaintiff.
Donald A. Hoffman, City Atty., Deborah C. Ziegler, Asst. City Atty., New Orleans, for defendant, The City of New Orleans.
Ralph D. Dwyer, Jr., Many, LoCoco & Dwyer, New Orleans, for defendant, The New Orleans Civil Service Commission.
Before REDMANN, GULOTTA and STOULIG, JJ.
REDMANN, Judge.
Plaintiff, an employee in the classified civil service of the city of New Orleans, appeals from the district court's dismissal on exception of no cause of action of his suit to enjoin the City Council and the city Civil Service Commission either to hold their meetings at a time that does not conflict with plaintiff's and other interested public employees' work hours or to grant interested city employees paid "civil leave" in order to attend the meetings of those public bodies.
Plaintiff's argument is that he and the others have the right "to observe the deliberations of public bodies", La.Const. art. 12 *173 § 3 (see also La.R.S. 42:1-42:10), and that to oblige them to lose pay (or expend vacation leave) to do so is an infringement upon that right. We disagree.
Plaintiff does not allege that the meetings are held at an inaccessible time or an inaccessible place. Perhaps even without express law a court could enjoin a public body from holding meetings thousands of miles away from home, on the theory that so great a distance constituted as much a denial of the ordinary citizen's right to observe as would a locked door. And perhaps holding meetings at 2 a. m. could be held a similar if not so complete denial of the right. But in the absence of express law we cannot infer any unconstitutionality in holding meetings during ordinary business hours. Indeed, because of the constitutional separation of governmental powers into legislative, executive and judicial, art. 2 § 1, and the prohibition against officeholders in one branch exercising power belonging to another, id. § 2, we would ourselves violate the constitution by fixing the specific time for meetings of bodies belonging to the other branches. One might argue that the constitutional right of the public to observe deliberations entails an obligation upon public bodies to hold deliberations at reasonable times and places even in the absence of a fixing by the constitution or other law.[1] But plaintiff alleges no basis upon which we might be more specific than that generality. Even pretermitting the fact that other persons who work at night would be hindered in their right to observe were we to do so, we cannot order Council or Commission to hold its meetings at night.
Nor can we order the Commission to provide special paid leave for public employees who wish to attend public meetings.
Plaintiff's argument would extend the right to observe deliberations beyond its wording and purpose, into a right to be paid to observe public meetingsa right that even private employees might claim on the identical reasoning. That reasoning is fallacious because it assumes that every constitutional grant of a right implies a grant of the means to exercise the expressed right. Under plaintiff's theory "the right to acquire ... private property", art. 1 § 4, would oblige the state to provide fundsor perhaps only to pay its employees multiples of present salariesso that the unthrifty or the lazy who have not acquired (sufficient?) private property can exercise their constitutional right to acquire private property. Plaintiff does not show any entitlement to paid leave in order to exercise his constitutional right to observe the deliberations of public bodies.
The judgment appealed from is affirmed.
NOTES
[1] E. g., City Charter § 3-107(5) requires "regular" meetings of the Council to begin at 10 a. m.