KLEES, Judge.
Appellant, Leon M. Rudloff, is a Project Evaluation Supervisor in the Chief Administration Office of the City of New Orleans. From a denial of an EAP Merit Raise on March 30, 1981, he requested a hearing before the Civil Service Commission alleging that the denial was “made without cause, and discriminatory.” On April 7, 1980, he additionally responded that the nature of the discrimination was that his supervisor’s “treatment of his entitlement for the EAP raise constituted disparate treatment as opposed to his treatment of other employees, and at other times.”
A hearing regarding the denial of the merit raise and allegation of discrimination was begun on May 13th, but was continued so that a procedural ruling on the order of precedence of burden of proof could be made by the Civil Service Commission. The appointing authority filed an Exception of No Right or Cause of action alleging no timely and substantive compliance with detailed specification of acts of alleged discrimination and failure to designate the basis of alleged discrimination, as required by the rules of the Commission. Appellant filed Opposition to the Exception, and the Commission dismissed his complaint on June 10, 1981 finding appellant failed to allege prohibited discrimination under Rule II Section 4.1(c) of the Civil Service Rules, and that refusal to grant a discretionary raise is not a disciplinary action. Appellant requested a rehearing on the dismissal on June 29, 1981 and his motion was heard on July 9, 1981. At the July 9, 1981 hearing the Appellant in response to questions posed by members of the Commission indicated that race was the basis of the alleged discrimination. The Commission reinstated Appellant’s Complaint and instructed him that he had the burden of proof as to the allegation of discrimination. Additionally, appellant was charged annual leave for the time spent at the Civil Service Commission hearing on May 13th. From these various rulings Rudloff appeals.
The issues presented by this appeal are; whether a denial of a discretionary merit raise constitutes a disciplinary action within the Civil Service scheme; whether requiring an employee who alleges discrimination to carry the burden of proof as to the facts of the alleged discrimination is illegal; and whether an assessment of annual leave of an employee in appearance before the commission was proper.
DISCIPLINARY ACTION
 It is clear from a review of the applicable law that the denial of a Merit Raise does not constitute a disciplinary action under the Civil Service scheme. Furthermore, only disciplinary actions can be appealed to the appropriate Commission, unless an allegation of discrimination is made. In the latter instance, all actions whether disciplinary or not are appealable to the appropriate Commission. Article 10, Section 8 of the Louisiana State Constitution of 1974 provides as follows:
(A) Disciplinary Action. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission. The burden of proof on apj)eal, as to the facts, shall be on the appointing authority.
(B) Discrimination. No classified employee shall be discriminated against be *552 cause of his political or religious beliefs, sex, or race. A classified employee so discriminated against shall have the right of appeal to the appropriate commission. The burden of proof on appeal, as to the facts, shall be on the employee.
Thus pursuant to the applicable language of Section 8, it is clear that only disciplinary acts and certain acts of discrimination are appealable to the appropriate Commission.
The determination as to what constitutes a disciplinary action is within the authority of the appropriate Commission through its rule making powers granted by Article 10, Section 10 of the Louisiana State Constitution. Furthermore, the Courts have consistently held that Rules of Civil Service Commissions have the force and effect of law. Rule II, Section 4.1(a) and (c) provide in pertinent part:
(a) Regular employees in the classified service shall have the right to appeal to the Commission from suspension, fine, dismissal, reduction in pay or demotion, to test the reasonableness of such action, (c) A classified employee discriminated against because of his political or religious beliefs, sex or race shall file a written statement with the Civil Service Commission containing the following information: . . .
4. The nature of the alleged discrimination. . .
A reading of these rules leads us to conclude that the denial of a merit raise does not constitute a disciplinary action within the Civil Service scheme.
Appellant attempts to rely on the Court’s decisions in Hays v. Louisiana Wild Life and Fisheries Commission, 153 So.2d 562 (La.App.1963) and 165 So.2d 556 (La.App. 1964) in arguing that a denial of a merit raise constituted a disciplinary action. A review of the decision indicates just the opposite. The Court in that ease did not find that the denial of a merit raise constituted a disciplinary action, rather the court found that if the merit raise is denied due to circumstances which amount to illegal discrimination the appellant might then pursue his action under then Art. XIV § 15(0)(1) and (2) of the Constitution of 1921, the equivalent to the present Article 10 § 8 of the Louisiana State Constitution of 1974. Accordingly, we find no error in the commission’s action of July 9, 1981 maintaining the case solely on the basis of discrimination.
BURDEN OF PROOF
Article 10, Section 8 of the Louisiana State Constitution distinguishes between disciplinary actions and allegations of discrimination in Civil Service matters. Under disciplinary actions, the appointing authority has the burden of proof. Under discrimination, the employee has the burden of proof. In this case, once the appellant alleged discrimination under Article 10, Section 8, he then had the burden of proof as to the facts of that alleged discrimination.
In addition, Rule II, Section 4.1(c) of the Orleans Civil Service Commission Rules requires certain specifics when discrimination is asserted.
“A classified employee discriminated against because of his political or religious beliefs, sex or race shall file a written statement with the Civil Service Commission containing the following information:
1. The name or names of the person or persons alleged to have committed the discriminatory act or acts.
2. The date or dates of such act or acts.
3. Where and in what manner such act or acts occurred.
4. The nature of the alleged discrimination.
5. A complainant’s statement shall be filed with the City Civil Service Commission within thirty days of the alleged discriminatory act or acts or the last occurrence of a discriminatory act.”
The same recognition and enforcement should be given to Rule 11 § 4.1 of the Orleans Civil Service Commission Rules and we-conclude that it is not unreasonable and does not violate any basic constitutional right.
*553 The language of the Article cannot be any clearer in situations where an employee alleges discrimination. In such situations, the employee has the burden of proof as to the facts of the alleged discrimination.
While the result may be harsh the rule requiring such specificity is reasonable. This was recognized in Legros v. Department of Public Safety, Division of State Police, 364 So.2d 162 (La.App. 1st Cir. 1978) writ denied 366 So.2d 562 (La.1979), when the court considered a similar rule:
“The obvious purpose of Rule 13, 11(d) is to insure the appointing authority the same degree of specificity concerning its alleged discrimination as the employee is entitled to receive with respect to the charges on which the disciplinary action is predicated. The requirement is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing before the Commission.”
See also Newton v. La Training Institute-Monroe Dept., 376 So.2d 1032 (La.App. 1st Cir. 1979).
Accordingly, the action by the Commission on July 9, 1981 finding appellant bears the burden of proof is affirmed.
ASSESSMENT OF ANNUAL LEAVE
Finally, appellant contends that the assessment of annual leave for appearance before the Commission was improper.
Rule VIII § 4 Civil Service Rules states: “4. CIVIL LEAVE
4.1 An employee shall be given time off without loss of pay when performing jury duty, when subpoenaed to appear before a Court, public body, or commission, when performing emergency civilian duty in connection with national defense, when ordered to appear for a medical or other examination by the Selective Service System or by a branch of the Armed Forces of the State or the United States, for the purpose of voting or serving as an election official in either a primary, general, or special election in the City of New Orleans; when taking or participating in the New Orleans City Civil Service Examination. An employee taking an examination for a license or certificate from a city or state agency may be granted civil leave if the appointing authority certifies to the Civil Service Department that the service will benefit by the employee acquiring the certificate or license. 4.2 When an employee is authorized or assigned to attend a conference, convention, or training program directly related to his work or the work of his department, no leave shall be reported and he shall be considered as working.”
Appellant argues that an employee is given time off without leave for certain instances, such as performing jury duty or appearance in court under subpoena. He claims that his right to assert this appeal before the commission is a property right which is penalized by the assessment of annual leave time.
Rule VIII, Section 4, (supra), setting forth the conditions under which civil leave is granted is fair and reasonable in all aspects and well within the rule-making authority of the Commission pursuant to Article 10, Section 10(A)(1) and (4). See Eastwold v. City of New Orleans, et al., 374 So.2d 172, (4th Cir. 1979), writ refused 377 So.2d 119; and Civil Service Commission v. Rochon, 374 So.2d 164, (4th Cir. 1979). The rule does not grant civil leave under the factual situation presented here and we cannot infer such leave.
We find the appellant’s right to appeal is not denied or restricted.
Accordingly, for the reasons expressed herein the rulings of the commission are hereby affirmed.
AFFIRMED.