GULOTTA, Judge.
Plaintiff appeals from the dismissal of his declaratory judgment suit seeking nullication of action taken by the New Orleans Civil Service Commission (the Commission) at a special meeting held allegedly without adequate public notice. In answer to the appeal, the Commission seeks costs and attorney fees on the grounds that plaintiff’s suit is “frivolous”.
On December 29, 1980, the Commission held a special meeting to abolish the “tenure award” provisions of Commission Rule IY, Section 9.[1] Written notice of the meeting had been posted at two locations at City Hall — at the entrance to the main office of the Department of Civil Service on the seventh floor and on the bulletin board of its application office on the first floor — shortly before noon on December 24. The posted notice read as follows:
NOTICE
A SPECIAL MEETING OF THE CIVIL SERVICE COMMISSION OPEN TO THE PUBLIC WILL BE HELD ON MONDAY DECEMBER 29, 1980 AT TWELVE NOON IN ROOM 7W03, CITY HALL (SEVENTH FLOOR)
In written “REASONS FOR JUDGMENT” dismissing plaintiff’s suit, the trial judge stated:
“The Court finds that the meeting held was an emergency meeting, and the minimal notice required by law was met. The Court is of the opinion that the minimal requirements of notice required by law are not sufficient for an issue of this importance, however, this is a matter which addresses itself to the Legislature.”
Appealing, plaintiff contends the posted notice was insufficient to meet the minimum requirements of LSA-R.S. 42:7,[2] be *50 cause it did not include an agenda of the meeting as required by the statute, and the Commission “violated the spirit and intent of the law by purposely not giving adequate and appropriate notice” to the eight thousand city employees affected by the rule change. We disagree.
According to John A. Belsom, director of the Department of Civil Service, the Commission, in October, 1980, had submitted to the New Orleans City Council for approval a new pay plan for Civil Service employees that included a “longevity format” to replace the tenure award program. At its regular meeting on December 11, 1980, however, the Commission could take no action to change the existing tenure award because the City Council had not then approved the new pay plan. Ultimately, the City Council adopted the new pay plan and longevity format on Tuesday, December 23 at 2:30 p.m., and publicly stated it was not going to fund the tenure award for 1981. Without delay, Belsom then scheduled a Commission meeting to abolish the existing tenure rule.
Belsom testified that abolition of the rule was necessary during 1980, to avoid a possible court challenge for non-payment of the tenure award in 1981. According to Bel-som, December 29, the first working day after the Christmas holidays, was the only possible date for obtaining a quorum of commissioners to take such action before the end of the year. After scheduling the meeting, Belsom posted the two notices in City Hall on the morning of December 24. His testimony was corroborated by Marcel Garsaud, Jr., Chairman of the Commission, who stated that the Commission “acted as expeditiously as possible” after the Council had approved the new longevity plan.
The evidence considered, it is clear that the Commission’s special meeting of December 29 was a case “of extraordinary emergency” within the meaning of LSA-R.S. 42:7(A)(1), such that written public notice of the agenda of the meeting was not required. In such instance, the statute only specifies “the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.” Considering the exigencies of the situation, we conclude the posting of the notice without the agenda in the two locations in City Hall before noon on December 24, was “appropriate”, within the meaning of the statute. We hold, as did the trial judge, that the Commission satisfied the notice requirements of the statute.
Turning now to the answer to the appeal, we find no merit to the Commission’s claim for costs and attorneys fees under LSA-R.S. 42:11[3] based on the grounds that plaintiff’s suit is “of a frivo *51 lous nature” and “brought with no substantial justification”. It is not, as argued by the Commission, an action that has been litigated by the same plaintiffs against the same defendants unsuccessfully in Eastwold v. City of New Orleans, 374 So.2d 172 (La. App. 4th Cir.1979), writ denied 377 So.2d 119 (La.1979). The cited case concerned City employees’ rights to attend Commission meetings during non-business hours or be paid special leave to attend them during working hours, whereas the instant suit deals with adequacy of notice of a special meeting.[4] Although lacking merit, plaintiff’s arguments concerning the sufficiency of the notice are serious, thereby precluding the Commission from recovering costs and attorney’s fees under the statute.
Accordingly, the judgment is affirmed.
AFFIRMED.

. The Tenure Award Program of Commission Rule IV, Section 9 provides a formula for payment of additional compensation to specified employees based on longevity of service. The Rule states the payment is intended to “encourage and recognize career service”.

. LSA-R.S. 42:7, in pertinent part, provides: “§ 7 NOTICE OF MEETINGS
*50 A.(l)... All public bodies, except the legislature and its committees and subcommittees, shall give written public notice of any regular, special, or rescheduled meeting no later than twenty-four hours before the meeting. Such notice shall include the agenda, date, time, and place of the meeting, provided that upon approval of two-thirds of the members present at a meeting of a public body, the public body may take up a matter not on the agenda. In cases of extraordinary emergency, such notice shall not be required; however, the public body shall give such notice of the meeting as it deems appropriate and circumstances permit.
(2) Written public notice given by all public bodies, except the legislature and its committees and subcommittees, shall include, but need not be limited to:
(a) Posting a copy of the notice at the principal office of the public body holding the meeting, or if no such office exists, at the building in which the meeting is to be held; or by publication of the notice in an official journal of the public body no less than twenty-four hours before the meeting.
(b) Mailing a copy of the notice to any member of the news media who requests notice of such meetings; any such member of the news media shall be given notice of all meetings in the same manner as is given to members of the public body.”

. LSA-R.S. 42:11(C) provides:
If a person who brings an enforcement proceeding prevails, he shall be awarded reasonable attorney fees and other costs of litigation. If such person prevails in part, the court may award him reasonable attorney fees or an appropriate portion thereof. If the court finds that the proceeding was of a frivolous nature and was brought with no substantial justification, it may award reasonable attorney fees to the prevailing party.

. Eastwold v. Garsaud, 387 So.2d 682 (La.App. 4th Cir. 1980), cited in brief and dealing with attorneys fees, is likewise clearly distinguishable.