PONDER, Judge.
Plaintiffs appealed the decision of the State Civil Service Commission granting summary disposition of their appeals for salary adjustments.
The issues are 1) the sufficiency of plaintiffs’ allegations of discrimination and 2) due process.
We affirm.
Plaintiffs are employed by the Department of Health and Human Resources in the Office of Human Development, Division of Evaluation and Services. Each filed an appeal with the Commission alleging that when their positions were changed in title, they were not given on-line pay adjustments. The Department of Civil Service filed a motion for summary disposition in each case.
The appeals were consolidated for hearing. The Commission found that under the Civil Service Rules, plaintiffs were not entitled to on-line salary adjustments.[1] It additionally found that plaintiffs’ allegations of discrimination, without supporting facts, were only conclusions, insufficient to main *1154 tain their appeals, and granted defendant’s motion.
Plaintiffs argue they alleged specific facts to support their claims of discrimination as required under Civil Service Rule 13.11(d).[2] They rely on the following language in their appeals to the Commission:
“When I met with our local personnel officer to discuss this discrepancy, I was informed that on-line changes were made for the majority of employees but would not be made in my case.”
While we agree with plaintiffs’ contention that the word “discrimination” does not have to be used, we find, as did the Commission, that plaintiffs’ letters of appeal contained only a conclusion of discrimination and did not allege specific facts to support the conclusion. Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982); Clark v. Department of Transportation and Development, 413 So.2d 573 (La.App. 1st Cir.1982). The motion for summary disposition was properly granted.
Plaintiffs also allege that Civil Service Rule 13.12(d),[3] prohibiting the supplementing or amending of an appeal outside the delay periods set forth in Rule 13.12(a),[4] is unconstitutional because it violates their right to procedural due process.
This court has previously held the 30-day time period in Rule 13.12(a)(1) and the provision for computation of time in Rule 13.-12(b) constitutional and reasonable exercises of the constitutional and statutory authority granted to the Commission.[5] Paisant v. University of New Orleans, 391 So.2d 1238 (La.App. 1st Cir.1980); Sutton v. Department of Public Safety, Division of State Police, 340 So.2d 1092 (La.App. 1st Cir.1976).
We similarly find that Rule 13.12(d) is a reasonable exercise of the Commission’s authority and not violative of the due process clause of the federal or state constitutions. Goins v. DHHR, E.A. Conway Memorial Hospital, 361 So.2d 306 (La.App. 1st Cir.1978). Plaintiffs’ argument is without merit.
For the above reasons, the decision of the State Civil Service Commission is affirmed at appellants’ cost.
AFFIRMED.

. That aspect of the Commission’s ruling has not been appealed by the plaintiffs and is not at issue here.

. Rule 13.11(d)
A notice of appeal must
Sfc ‡ 4? ⅜! ⅝!
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail;
[[Image here]]

. Rule 13.12(d)
No appeal shall be supplemented or amended following the expiration of the delay period stipulated by Subsection (a) hereof.

. Rule 13.12(a)
No appeal shall be effective unless a written notice complying with the requirements of Rule 13.11 is either (i) received in the office of the Director of the State Department of Civil Service at Baton Rouge, Louisiana, or (ii) is addressed to the Director of the State Department of Civil Service at Baton Rouge, Louisiana, with proper postage affixed, and is dated by the United States Post Office.^
1. Within thirty (30) calendar days after the date on which appellant received written notice of the action on which the appeal is based when written notice before or after the action is required by these Rules; or
2. Within thirty (30) calendar days after the date when appellant learned or was aware that the action complained of had occurred when no written notice is required by these Rules or, if required, was given tardily or not at all.

.La. Const. Art. 10, Sect. 10 authorizes the State Civil Service Commission to adopt and enforce rules for the orderly administration of the Civil Service Act.