LANIER, Judge.
This is an appeal by a classified employee of the Department of Health and Human Resources (DHHR) from a decision of the State Civil Service Commission (Commission) which summarily dismissed his claims that his reclassification in a new job title after his old job title was abolished during a departmental reorganization was discriminatory and also resulted in a demotion without just cause.
FACTS
In 1979, DHHR was reorganized. Prior to the reorganization, the employee, Dale *96 Frazier, was classified as a Welfare Case Supervisor III in the office of Family Security of DHHR. In this classification, he supervised persons classified as Welfare Case Supervisor I; that is, he supervised supervisors. As part of the reorganization, Frazier was placed in the Division of Evaluation and Services (DES) of DHHR. He was assigned to be the Administrative Coordinator of the Tangipahoa Office and was to supervise the supervisory staff of the office. This position also required him to supervise Adult Protective Services. Those to be supervised by him were a Children’s Case Supervisor I, a Welfare Case Supervisor I, a Clerk IV and the Director of the Amite Day Care Center. Frazier contends that this new assignment was equivalent to his prior duties.
On August 27, 1979, the Department of Civil Service (Department) approved new job titles for DES and abolished the job title of Welfare Case Supervisor III. Prior to this time, Frazier had submitted an administrative form with his current job description through channels to the Department to secure a new job title.
In December of 1980, the Welfare Case Supervisor I supervised by Frazier retired, and he had to assume her duties of directly supervising workers. On April 14, 1980, the Children’s Case Supervisor I was transferred, and Frazier was required to directly supervise the Children’s Protective Services workers.
On May 1, 1980, Frazier was asked to submit to the Department an updated job description and organizational chart, and he did so. On June 16, 1980, the Department assigned him a job title of Human Service Supervisor. Frazier immediately appealed this decision contending that he should have been classified as a Social Worker Supervisor II.
On September 4, 1980, two workers were promoted to assume the responsibilities of the departed Welfare Case Supervisor I and Children’s Case Supervisor I. Both were classified as Human Service Supervisor — the same as Frazier. Frazier discontinued direct supervision of the protective services for children workers. Subsequently, the two new supervisors were each reclassified as Social Worker Supervisor I effective August 27, 1979, with retroactive pay.
Frazier again appealed his reclassification on January 16,1981. Frazier’s appeals were denied on May 3, 1982. On May 17, 1982, Frazier filed this appeal with the Commission contending that the failure to classify him in accordance with his duties on the effective date of the title change is discriminatory and that the abolition of his classification of Welfare Case Supervisor III and reclassification as Human Service Supervisor resulted in a demotion without cause.
On June 10, 1982, the Department filed a motion for summary disposition of the appeal contending the decision refusing to “reallocate” Frazier to Social Worker Supervisor II is controlled by Rule 5.3 and can only be considered if it is alleged such decision is discriminatory, Frazier’s allegations of discrimination are not asserted with the specificity required by Rule 13.-11(d) and the appeal of the demotion by reassignment claim was not timely.
On February 18, 1983, the Commission ruled the appeal was timely and the allegations of discrimination were not alleged with the proper specificity. The appeal was summarily dismissed. Frazier timely appealed to this court contending he supervised workers in a “priority” program at all times which entitled him to a higher classification than Human Service Supervisor, the failure to consider this fact was discriminatory, the claim of demotion was a separate issue from the claim for discrimination and the demotion claim was properly before the Commission.
DISCRIMINATION CLAIM
La. Const, of 1974, art. X, § 8(B) provides as follows:
Discrimination. No classified employee shall be discriminated against because of his political or religious beliefs, sex, or race. A classified employee so discrimi *97 nated against shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the employee.
The Commission has rule-making power, and its rules have the effect of law. La. Const, of 1974, art. X, § 10(A)(1) and (4). If a Civil Service rule is reasonable and not violative of basic constitutional rights, it must be recognized and given effect by the courts. Thoreson v. Department of State Civil Service, 433 So.2d 184 (La.App. 1st Cir.1983), writ denied, 440 So.2d 726 (La.1983), reconsideration denied, 442 So.2d 452 (La.1983). Civil Service rules even prevail over acts of the legislature which may be in conflict with them. Smith v. Department of Health and Human Resources, 416 So.2d 94 (La.1982).
Civil Service Rule 13.10 authorizes a classified employee to appeal to the Commission if he has been discriminated against. The Department contends that it is entitled to summary dismissal of the discrimination claim pursuant to Rule 13.14(a)(6) because the written notice expressing the cause for the appeal fails to allege specific facts supporting the conclusion of discrimination as required by Rule 13.11. Rule 13.11 (as amended effective April 6, 1982) provides in pertinent part as follows:
Request for Appeal.
A notice of appeal must
(d) Contain a clear and concise statement of the actions complained against and a clear and concise statement of the basis of the appeal. Where discrimination is alleged to be a basis for appeal, specific facts supporting the conclusion of discrimination must be alleged in detail. The specific facts required will vary depending on the nature of the appeal; however, the facts must be alleged in sufficient detail to enable the agency to prepare a defense. A conclusion of discrimination is not sufficient. The types of facts which must be included are:
[[Image here]]
1. the date, time and place the discriminatory action took place;
2. the name of the person or agency alleged to have taken the discriminatory action;
3. a description of how appellant’s action, conduct or performance was the same as that of other persons who were treated differently;
4. the names of other persons treated differently and the dates the different treatment occurred;
5. a description of events, including the dates and circumstances thereof, which led appellant to believe that the adverse decision was based on his religious or political beliefs, sex, race, or any other non-merit factor.
In Legros v. Department of Public Safety, Division of State Police, 364 So.2d 162, 165 (La.App. 1st Cir.1978), writ denied, 366 So.2d 562 (La.1979), this court made the following observations concerning Rule 13.-11(d):
Appellant’s allegations of discrimination do not meet the requirements of Rule 13.11(d) which we find to be a valid exercise of the Commission’s rule making authority. The obvious purpose of Rule 13.11(d) is to insure the appointing authority the same degree of specificity concerning its alleged discrimination as the employee is entitled to receive with respect to the charges on which the disciplinary action is predicated. The requirement is reasonable in that it relieves the appointing authority of the disadvantage of having to defend against vague and unspecified charges of discrimination and thereby clearly defines the scope of the hearing before the Commission.
See also Newton v. Louisiana Training Institute-Monroe Department of Corrections, 376 So.2d 1032 (La.App. 1st Cir. 1979).
In his notice of appeal to the Commission, Frazier contends that the decision to classify him as a Human Service Supervisor is discriminatory because it “does not take into consideration the duties that were performed by me on the effective date of *98 the title change nor does it give consideration to the duties assigned subsequent to the effective date of title change.” [1] Discrimination is defined in Rule 1.14.1 as the “consideration of religious or political beliefs, sex, race, or any other non-merit factors.” The above allegation by Frazier just does not fit the definition of discrimination in the Civil Service Rules. We have also carefully reviewed the notice of appeal, and it does not allege facts showing discrimination with the specificity required by Rule 13.11. The Commission properly granted the Department’s request for summary dismissal of the discrimination claim. Onesta v. Department of State Civil Service, 434 So.2d 1153 (La.App. 1st Cir.1983); Mayeaux v. Department of State Civil Service, 421 So.2d 948 (La.App. 1st Cir.1982).[2]
DEMOTION CLAIM
Frazier contends that the abolition of his position as Welfare Case Supervisor III and his reclassification as a Human Service Supervisor constituted a demotion without just cause.
A classified employee who has been improperly demoted may appeal to the Commission. Rule 13.10(b). A demotion is defined in Rule 1.11 as “a change of a permanent or probationary employee from a position of one class to a position of another class for which a lower minimum rate of pay is prescribed.” In his notice of appeal, Frazier does not contend that his reclassification as Human Service Supervisor resulted in a lower minimum rate of pay. Without such an allegation, he cannot contend that he was demoted and cannot prevail in his appeal to the Commission on that basis.
DECREE
For the foregoing reasons, the decision of the Commission summarily dismissing Frazier’s appeal is affirmed at his costs.
AFFIRMED.

. Frazier essentially makes this same contention in his assignment of error 1 to this court.

. A classified employee may not appeal a decision effecting a reallocation unless there is an allegation of discrimination. Rules 5.3 and 1.32.