468 So.2d 829 (1985)
Lenward GOREE
v.
DEPARTMENT OF CORRECTIONS, WADE CORRECTIONAL CENTER.
No. 84 CA 0260.
Court of Appeal of Louisiana, First Circuit.
April 16, 1985.
*830 Lenward Goree, appellant, in pro. per.
Rose P. Wooden, Dept. of Justice, Corrections Section, Baton Rouge, for appellee.
Robert R. Boland, Jr., Civil Service Legal Counsel, Dept. of State Civil Service, Baton Rouge, for Herbert L. Sumrall.
Before GROVER L. COVINGTON, C.J., and LOTTINGER and JOHN S. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Lenward Goree (appellant) is a classified employee (Corrections Security Officer II) with permanent status in the state civil service. He appeals the final decision of the State Civil Service Commission denying his application for review of an adverse ruling by referee.
On February 20, 1983, appellant received a "DR-1", a disciplinary report, charging him with failing to report for duty on February 16, 1983 without having secured leave in advance. By letter dated February 23, 1983, appellant was formally reprimanded by the warden of Wade Correctional Center for the same incident. On the next payday, appellant learned that he had been placed on "W" status (leave without pay) for the eight hours he had been absent from work on February 16th.
Appellant appealed both the DR-1 and the "W" status, admitting his absence from work on the date alleged, but offering a mitigating explanation. He alleged that on the date in question, he received a telephone call from his homebound aunt. She informed him that taxes had to be paid that day on some land she owned or the same stood in danger of future seizure and sale. Appellant alleged that he called Wade Control Center and requested of the switchboard operator that she pass on to his shift supervisor the message that he could not come in to work for his 2-10 p.m. shift because he had to take care of that emergency as well as other personal business. In his notice of appeal, appellant additionally alleged, in general terms, discriminatory treatment.
At the hearing, the Commission referee ruled that he had no jurisdiction to hear *831 appeals of DR-1's, which are merely recommendations for disciplinary action, and that he could not consider an appeal from the reprimand because appellant failed to refer to it in his notice of appeal. However, the referee later reversed his ruling and considered the reprimand in addition to the "W" status. At the hearing, the referee also granted the appointing authority's motion for summary disposition of appellant's allegations of discrimination, on the grounds of noncompliance with Civil Service Rule 13.11(d), which requires a certain amount of specificity in charges of discrimination. The referee also denied appellant's motion for a continuance due to a witness's absence.
On appeal, appellant raises the following issues: (1) whether the referee erred in denying his motion for continuance; (2) whether the leave policy was so vague as to preclude its use as the basis of disciplinary action; (3) whether prior condonation of similar noncompliance with rules by appellant estops the appointing authority from disciplining him without first warning him that the rules will be enforced; (4) whether the referee erred in granting the motion for summary disposition of his allegations of discrimination; and (5) whether appellant is entitled to an award of damages for mental anguish, inconvenience, back pay and costs.
Initially, we address appellant's allegation of error with regard to his charge of racial discrimination. Charges of discrimination must set forth in detail the alleged discriminatory conduct, the name of the party guilty of the discrimination, the date and circumstances, and the name of the individuals treated differently than the complainant. Civil Service Rule 13.11(d). We agree with the referee's determination that appellant's allegations of discrimination are too vague and conclusory to meet the requirements of Rule 13.11(d). Newton v. Louisiana Training Institute-Monroe Dept. of Corrections, 376 So.2d 1032 (La. App. 1st Cir.1979); Legros v. Department of Public Safety, 364 So.2d 162 (La.App. 1st Cir.1978), writ denied 366 So.2d 562 (La.1979). Because the appellant failed to properly detail his charges of discrimination, the referee was correct in granting the motion for summary disposition of appellant's allegations of discriminatory treatment.
Appellant complains of the denial of his motion for continuance, contending that the motion should have been granted because one of the witnesses, Major Raymond Moore, was absent.
The record reveals that Major Moore was subpoenaed by the appointing authority, not appellant, and was absent from the hearing because he had left the state on leave before the subpoena was served. Appellant offers no explanation of how the testimony of Major Moore on cross-examination would have been material to his case, and fails to indicate in what manner, if any, he was prejudiced by the absence of this witness. We find no abuse of discretion by the referee in his denial of appellant's motion for continuance.
La. Const.1974 Art. 10, § 8(A) provides that no person who has gained permanent status in the classified state civil service shall be subjected to disciplinary action except for cause expressed in writing. Legal cause for disciplinary action exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service and bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged. Leggett v. Northwestern State College, 242 La. 927, 140 So.2d 5 (1962). The appointing authority bears the burden of proving legal cause by a preponderance of the evidence. Thornton v. DHHR, 394 So.2d 1269 (La.App. 1st Cir.1981).
To determine whether legal cause existed for the disciplinary action taken in this case, which was heard by a referee appointed by the Commission, this court must independently review the record to determine whether the conclusion of the *832 Commission was arbitrary, capricious, or manifestly wrong. Wollerson v. Dept. of Agriculture, 436 So.2d 1241 (La.App. 1st Cir.1983), writs denied 441 So.2d 1221, 1222 (La.1983).
Appellant was disciplined by written reprimand for failing to report for duty without having secured leave in advance, a violation, according to the letter of reprimand, of "Rule No. 8 of the Employee Rule Book dated January 30, 1983, which states that no employee will fail to report for duty an entire day without securing leave in accordance with department and institutional policies". Page eight of the Department of Corrections Employee Rule Book, containing Rule No. 8, was introduced into evidence at the hearing. Also introduced into evidence was a copy of the institution's leave policy in effect at the time of the infraction, signed by appellant.
The leave policy in question provided, in pertinent part:
"Leave for security employees is to be secured from the shift supervisor or acting shift supervisor. Should the shift supervisor/acting shift supervisor be unavailable leave may be approved by the next person in the chain of command. The leave must be secured by telephone or by personal contact and it is the responsibility of the employee to obtain the leave and determine if leave has been granted.
All annual, compensatory leave must be secured at least twenty-four hours in advance. Sick leave, emergency and civil leave must be approved at least thirty minutes prior to roll call. The only exception is when an emergency exists such that the employee is unable to call in."
Appellant contends that the leave policy was vague because it fails to inform employees exactly whom to contact to secure leave should the shift supervisor and acting shift supervisor be unavailable. We find no merit in this argument, as appellant admitted that he made no effort at all to comply with the first step outlined in the policy; he admitted that he made no effort to contact either his shift supervisor or acting shift supervisor.
Appellant additionally argues that the appointing authority failed to prove that either the shift supervisor or an acting shift supervisor was available, and that this lack of proof is fatal to the charge against him. We find no merit in this contention. The leave policy clearly requires of the employee an effort to secure leave from an individual authorized to grant leave. By his own admission, appellant failed to comply with the leave policy by failing to make that effort.
Appellant contends that because he had not been disciplined for past violations of the leave policy, the appointing authority is estopped from disciplining him for this infraction. He argues that he should have received a warning that the leave policy would be enforced.
We find no merit in this argument. The fact that an infraction has not resulted in disciplinary action in the past does not estop an appointing authority from disciplining an employee for a similar infraction in the future. Nor is the appointing authority required to put the employee on notice that henceforth the infraction will not be tolerated before taking disciplinary action. Chassaignac v. Audubon Park Commission, 259 So.2d 603 (La.App. 4th Cir.1972).
Appellant contends that he should have received a verbal reprimand rather than a written reprimand, arguing that the written reprimand was too harsh a punishment under the circumstances and constituted discrimination. For the reasons stated above, we will not consider appellant's claim of discrimination.
Finally, we address appellant's demand for damages, raised for the first time on appeal by amending and supplemental brief. Because we affirm the decision of the Commission, we need not address this claim.
After an extensive review of the record and arguments raised on appeal, we are convinced that the referee was correct in *833 concluding that appellant did not attempt to comply with the institutional leave policy, was absent from work for eight hours on February 16, 1983, without approval and in violation of leave policy. The referee was correct in concluding that the appointing authority proved the charge contained in the written reprimand, and in concluding that appellant was properly placed in "W" status for eight hours on February 16, 1983.
For the foregoing reasons, we affirm the decision of the State Civil Service Commission denying appellant's application for review.
Costs to be borne by appellant.
AFFIRMED.